IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action Number 05-cv-00739-RPM

QFA ROYALTIES, LLC and
QIP HOLDER, LLC,

            Plaintiffs,

v.

BHUPINDER BABER and
RATTY BABER,

            Defendants.

_____

ORDER FOR HEARING ON DEFENDANTS' MOTION TO ABATE OR TRANSFER
_____

On April 22, 2005, the plaintiffs filed their complaint for injunctive relief and damages and a motion for a preliminary injunction. On June 9, 2005, the plaintiffs filed a notice of dismissal of damage claims based on contract violations pursuant to F.R.Civ.P. 41. On June 10, 2005, the defendants filed a motion to abate and/or dismiss or transfer this action. On June 17, 2005, the defendants filed their opposition to the motion for preliminary injunction. On June 27, 2005, the plaintiffs filed their opposition to the motion to abate and a reply in support of the motion for preliminary injunction.

The motion for preliminary injunction seeks injunctive relief under the Lanham Act for trademark infringement and unfair competition based on the defendants' continued use of trademarks and continuation of business as Quizno franchisees in two stores in Los Angeles County, California. The defendants entered into franchise

agreements in 1998 and 1999 for those two stores. The termination of the franchise agreements is a matter in dispute in an action in which these defendants are plaintiffs, filed in the California Superior Court and is also a matter which appears to be subject to arbitration. A demand for arbitration was made on May 2, 2005, by Quizno's and a petition to stay the California Superior Court action pending arbitration has been filed in that court. In that action, Bhupinder Baber and Ratty Baber have alleged fraud, breaches of the implied covenant of good faith and fair dealing and breaches of the franchise agreement by the franchisor. Because the preliminary injunction will depend upon the plaintiffs' claims that the franchise agreements have been terminated lawfully, it would appear that the defendants' motion to abate or transfer should be determined before any further proceedings on the motion for a preliminary injunction. It is therefore

ORDERED that a hearing on the defendants' motion to abate or transfer will be held on **July 28, 2005, at 10:00 a.m.** in Courtroom A, Second Floor, the Byron White United States Courthouse, 18th and Stout Streets, Denver, Colorado.

DATED: July 12, 2005.

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge